# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 11-1324**                    **September Term, 2012**

                                   **CMCR-09-001**

                    **Filed On:** April 23, 2013

Ali Hamza Ahmad Suliman al Bahlul,

        Petitioner

    v.

United States of America,

        Respondent


**BEFORE:**   Garland, Chief Judge; Henderson, Rogers, Tatel, Brown, Griffith, and Kavanaugh, Circuit Judges

**O R D E R**

    Upon consideration of respondent's petition for rehearing en banc, the response thereto, and the vote in favor of the petition by a majority of the judges eligible to participate, it is

    **ORDERED** that the petition be granted.  This case will be reheard by the court sitting en banc.  It is

    **FURTHER ORDERED** that the court's order filed on January 25, 2013, be vacated.  It is

    **FURTHER ORDERED** that the oral argument before the en banc court be heard Monday, September 30, 2013 at 9:30 a.m.  It is

    **FURTHER ORDERED** that, in addition to filing briefs electronically, the parties file 25 paper copies each of the briefs and the appendix, in accordance with the following schedule:

| | |
|---|---|
| Brief for Petitioner Bahlul | May 24, 2013 |
| Appendix | May 24, 2013 |
| Amicus Curiae Brief in Support of Petitioner (if any) | June 10, 2013 |

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 11-1324**                                              **September Term, 2012**

| | |
|---|---|
| Brief for Respondent United States | July 10, 2013 |
| Amicus Curiae Brief in Support of Respondent (if any) | July 25, 2013 |
| Reply Brief for Petitioner Bahlul | August 8, 2013 |

It is

**FURTHER ORDERED** that in addition to the issues the parties raise in their en banc petition and opposition thereto, the parties are requested in their briefs to specifically address and provide their positions on these questions:

(1)     For purposes of considering whether the Military Commissions Act of 2006 may permissibly proscribe pre-2006 conduct that was not a war crime triable by military commission under 10 U.S.C. § 821 before 2006, does the Ex Post Facto Clause apply in cases involving detainees at Guantanamo?

(2)     Assuming arguendo that, as *Hamdan II* concluded, the Military Commissions Act of 2006 does not proscribe pre-2006 conduct that was not a war crime triable by military commission under 10 U.S.C. § 821 before 2006, and that 10 U.S.C. § 821 permits trial by military commission only for war crimes that were proscribed under the international law of war at the time of the offense, was conspiracy a violation of the international law of war at the time of Bahlul's offense?

Because the briefing schedule is keyed to the date of argument, the court will grant requests for extension of time limits only for extraordinarily compelling reasons. The briefs and appendix must contain the date that the case is scheduled for oral argument at the top of the cover. *See* D.C. Cir. Rule 28(a)(8).

A separate order will issue regarding allocation of oral argument time.

**Per Curiam**

                                              **FOR THE COURT:**
                                              Mark J. Langer, Clerk

                              BY:     /s/
                                      Michael C. McGrail
                                      Deputy Clerk